### GENTRY vs. GARTH.

The certificate of a recorder, annexed to a paper purporting to be the copy of a deed, and of the certificate of acknowledgement of the same, that "the foregoing is a true copy of a deed on record in his office," does not authorize the deed to be read in evidence. The certificate should also certify to the correctness of the copy of the certificate of acknowledgement.

## APPEAL from Boone Circuit Court.

Todd *for Appellant.*

1st. That in pleading the defendant has admitted possession of the premises, in which dower is claimed, at the commencement of the action, and admits the holding under title stated in the petition—the law will presume where title is stated and possession had, that they are united.

2d. The defendant, holding derivative title, is presumed in possession of the evidence of such title, and where title is in contest is bound to produce them. Starkie on Evidence in Dower.

3d. The defendant, holding such title, is estopped from denying the recitals stated in the title deeds; hence in this case he could not deny the derivation of title from Tarlton Turner, as recited in the deed of Richard to Reubin E. Gentry. 3 Phil. 1235.

4th. The petitioner for dower is not bound to prove title by the title papers, not in law having possession of them. Starkie as above.

5th. The copy of deed from Turner to Gentry is sufficiently and substantially certified under the statute. If not, it was substantial evidence against this defendant to corroborate the recital in Gentry's deed, and entitled to weight before the jury of the existence of an original. 3 Phil. 1240.

Gordon & Leonard, *for Appellee, insist:*

1st. The recorder's certificate, appended to the copy of Turner's deed of February, 1820, did not embrace the alleged copy of the certificate of acknowledgment endorsed upon the deed—and, therefore, the copy of deed was not authenticated in such a manner as to entitle it to go in evidence under the 19th section of the act entitled "Evidence," which is the only provision of the statute applicable to the case.

2d. Admitting that Turner's deed was improperly excluded, the judgment will not be reversed, because that deed together with the other evidence before the jury would not have entitled the plaintiff to a verdict, and therefore its exclusion has not injured the plaintiff.

Napton, J., *delivered the opinion of the Court.*

This was a petition for dower by the widow of Richard Gentry, in lot No. 33, in the town of Columbia. The plea of *non seisin* in the husband was pleaded by the defendant, Garth. Upon the trial of this issue, the plaintiff gave in evidence a patent from the United States to Tarlton Turner, for the quarter section of land upon which the lot is situated, and two deeds of conveyance, one dated the 14th November, 1818, from Richard Gentry, Tarlton Turner, and others, to Thomas Duley and others, conveying to them several tracts of land; including the one patented to Turner, in trust, to lay out a town thereon, and dispose of the lots for the benefit of the proprietors. The other was a deed of partition among

the proprietors, dated 3d of July, 1821, by which deed the lot in contro-versy was assigned to Tarlton Turner. The plaintiff also proved that she was married to Richard Gentry prior to the month of January, 1820, and that her husband died in 1837, and that the defendant was in possession of the lot No. 37, at the commencement of this suit.

The plaintiff then gave in evidence an instrument of writing, purport-ing to be the copy of a conveyance of the 16th Feb'y, 1820, from Tarlton Turner to Richard Gentry, conveying to him all his interest in the pro-perty embraced in the deed of trust of the 14th Nov., 1818. This writing also contained what purported to be a copy of the acknowledgment of the execution of the deed by the grantor, made before the clerk of the Circuit Court, on the same day it was executed, and of a certificate of the registry of the deed in Howard county, on the day of the acknowl-edgment. Appended to the writing was the official certificate of the clerk of the Howard Circuit Court, that the same was "a true and perfect copy of a deed from Tarlton Turner to Richard Gentry, then on record in his office."

The plaintiff then offered in evidence three deeds of conveyance of the lot in question, one of the 9th January, 1821, from Richard Gentry to Reubin Gentry, one of the 1st August, 1822, from Reubin Gentry to Wm. Jewell, and one of the 1st November, 1836, from Wm. Jewell to the de-fendant.

Upon the motion of the defendant, the Court excluded the copy of Turner's deed, of February, 1820, to Richard Gentry, and thereupon the plaintiff suffered a non-suit. Afterwards she moved that the same be set aside, which being overruled, an appeal was taken to this Court.

The only point we are called upon to decide in this case is the propriety of the action of the Circuit Court in excluding the copy of Turner's deed. In consequence of this expressed opinion of the Court, the plain-tiff submitted to the non-suit.

We are not, therefore, called upon to say whether the proof of Garth's possession and derivative title, from Gentry, did not of itself make out a *prima facie* case. The Circuit Court gave no opinion on this point, because none was asked, and the plaintiff voluntarily placed the case upon the single point of Turner's deed. Upon this point we see no reason to question the propriety of the Court's opinion. The copy of Turner's deed was alone admissible under the provisions of our statute, concerning evidence, and these provisions expressly require the clerk to certify not only a copy of the recorded deed, but of the certificate of acknowledgment thereof—and this the clerk of the Howard Circuit

Court has not done in the present instance. Rev. Code 1845, page 470 §19.

The other Judges concurring, the judgment of the non-suit must be affirmed.